GEORGE F. MURPHY and Others, Plaintiffs, *v.* WILBUR K. HITCHCOCK and Another, Defendants.

Supreme Court, Westchester County, January 2, 1934.

*King & Dart*, for the plaintiffs.

*Henry J. Logan*, for the defendants.

SMITH, ELWOOD C., Referee. This action is brought to enjoin and restrain the defendants from maintaining a dog kennel, from keeping breeding and raising dogs, from carrying on the trade, business or calling of keeping, raising, breeding and selling dogs and from establishing or carrying on any noxious or offensive trade, business or calling whatsoever on certain real property owned by them in the town of Mount Pleasant, Westchester county, N. Y.

The complaint states a cause of action for nuisance and also a cause of action for violation of covenants contained in the deeds of the parties to the suit.

The properties owned by the plaintiffs and the property owned by the defendants are situated along the highway leading from Pleasantville to Tarrytown in Westchester county. The testimony shows that this section is given up to country estates occupied for residential purposes by the parties to this action and various others whose properties are mentioned in the testimony. All of these, except the defendants, engage in businesses or professions in New York city and commute regularly.

The first cause of action states that the defendants have maintained or suffered to be maintained upon their property a dog kennel, have kept, bred and raised dogs and have established and carried on the trade, business or calling of keeping, raising, breeding and selling dogs which bark, howl and yelp day and night in a loud, offensive and annoying manner. The complaint charges that the health, peace and quiet of plaintiffs, their families and visitors have been interfered with to such extent that the conduct of such kennel constitutes a nuisance which should be abated.

The courts of this and other States have repeatedly held that the use of property in such manner as to unduly vex and trouble those living in the neighborhood by an undue amount of noise which disturbs the peace and quiet of an otherwise tranquil district or which otherwise annoys and disturbs nearby dwellers and makes their life uncomfortable constitutes a nuisance. Such use may be found a nuisance as a matter of fact where the natural tendency thereof is to inflict injury. Generally speaking, every use of one's property which violates another's rights in an essential degree is actionable as a nuisance.

The question as to whether such use of their property by defendants is a nuisance depends upon the character of the locality, the circumstances and surroundings, the reasonableness or unreasonableness of such use and the extent of the annoyance and discomfort caused and as to whether or not there is a continuous or recurring injury.

The testimony and the photographs admitted in evidence clearly establish the fact that this is a high class residential neighborhood of substantial houses, sometimes called country estates, and not a rural, sparsely settled farming community. The parcels of land owned by the various neighbors are not large but are improved by substantial homes with carefully kept lawns improved by shrubbery, trees and other landscaping work upon which considerable sums of money have been spent.

The various residences are from 500 feet to 1,000 feet distant from each other.

The defendants maintain a dog kennel about one hundred feet long which is partitioned into separate kennels or stalls with wire inclosures for outdoor runways connected with each part. Mrs. Hitchcock had about twenty-five old English sheep dogs on the property until about four years ago when a friend, Mrs. Dohring, gave up her kennels in Edgewater, N. J., and brought ten or fifteen of such dogs to the defendants' kennel. At the time of the trial Mrs. Hitchcock testified that there are forty dogs on the property and that she intends to keep all of them there, with the exception of four or five which are for sale, until they die. In the meantime one or two litters of about four each are born every year and the surplus of them sold.

These dogs are large, woolly-haired animals about twenty-four to twenty-six inches tall and about thirty inches long. The testimony is that they are good watch dogs which may carry with it the implication that they bark when persons or vehicles approach the property where they are kept.

The courts hold that the maintenance of howling and barking dogs on neighboring premises to the great and continuous annoyance of a property holder and his family so that their rest is broken, sleep interrupted and their reasonable use and enjoyment of their home disturbed may be a nuisance subject to be enjoined.

The testimony on the part of both plaintiffs' and defendants' witnesses clearly establishes the fact that such dogs bark in a very loud manner both day and night. The testimony of the witnesses for the defendants indicates that they have become accustomed to such barking and that it does not awaken them at night or annoy them at any time, but the fact remains that such barking is very offensive and annoying to the defendants' neighbors, their sleep is frequently interrupted and their reasonable use and enjoyment of their homes has been seriously disturbed by reason of such barking. The plaintiffs and other neighbors have complained to the defendants from time to time. Some of the complaints were made several years ago. The defendants have endeavored to minimize the nuisance but such efforts have not been successful and this is not surprising in view of the number of dogs maintained. This state of facts then presents the question as to whether or not in this particular locality such use of defendants' property constitutes a nuisance.

The character of the locality is such that it is not unreasonable for the various property owners to keep and maintain dogs and other domestic animals in the ordinary and usual manner.

The maintenance of a dog kennel by defendants with twenty-five old English sheep dogs was, and is, an unreasonable use of their property and constituted a nuisance which was measurably increased by the addition of the ten or fifteen dogs brought there by Mrs. Dohring. The testimony of the defendant Hope Robinson Hitchcock is that they now have forty dogs and they propose to continue to use the property in such manner so long as such dogs live so that such nuisance will be continuous if not prevented by the judgment to be entered in this action.

The defendants have the right to maintain a dog kennel on their property and to use the property in a reasonable manner to keep and maintain dogs, except as hereinafter stated, but the number of dogs and the method of keeping them must be such that they do not unreasonably offend, disturb and annoy the owners of neighboring properties and the reasonable use and enjoyment of their respective homes.

The properties in question were formerly owned by Briarcliff Realty Company. While the proof on the subject is not as definite as might be desirable, it is evident that the Briarcliff Realty Company exacted from each purchaser covenants imposing restrictions on the use of the plots sold for the common advantage of all other purchasers with the design of carrying out a general scheme for the improvement of such entire property. If so, such purchasers may enforce them *inter se* for their own benefit.

The complaint alleges that the deed to the defendant Wilbur K. Hitchcock contained such restrictive covenants in favor of Briarcliff Realty Company, its successors and assigns, and this allegation was admitted by the answer. The deed from Briarcliff Realty Company to the predecessors in title of the property owned by the plaintiffs Murphy was executed thereafter so that the said plaintiffs are entitled to enforce such restrictive covenants against the defendants Hitchcock in any event if they have been violated.

The deed in each case provides that the grantee " shall not, nor will, erect, make, establish or carry on, nor cause, permit or suffer to be erected, made, established or carried on, in any manner and on any part of the above described and hereby granted premises, any manufactory, trade, business or calling whatsoever, which may in any wise be noxious or offensive to the neighboring inhabitants and that the said covenants are real covenants running with the land."

The defendant Hope Robinson Hitchcock is a well-known breeder and exhibitor of old English sheep dogs and has won many prizes and trophies with such dogs. She claims that she does not conduct the business of raising, breeding and selling dogs but that this is a hobby with her. She frankly testified that she sold her surplus

stock from time to time and had kept dogs at this kennel for friends who paid the cost of the food supplied but not on the basis of a fixed board charge.

The annual cost of operating the kennel was formerly about $4,000 per year, but the expense for the past three-year period has been about $11,000. During the latter period, Mrs. Hitchcock has sold eleven dogs for which she received between $1,600 and $1,700. This testimony is intended to support the claim that this is a hobby and not a business.

The uncontradicted testimony in the case is to the contrary. The testimony is that when the attorney for the plaintiffs Murphy stated to the defendant Wilbur K. Hitchcock that the kennel was a nuisance and asked if there was not something he could do to abate such nuisance, Mr. Hitchcock stated " that the kennel was run by Mrs. Hitchcock, that he had very little to do with it, that she ran it as a business proposition and raised and sold dogs and that they had recently had some bad luck, that they had lost three puppies or five of the dogs that were worth about $500 apiece," and " that it had been carried on for quite a number of years and that it was a paying proposition."

The defendant Hope Robinson Hitchcock established and carried on, and the defendant Wilbur K. Hitchcock has permitted such defendant to establish and carry on, the trade, business or calling of keeping, raising, breeding and selling old English sheep dogs and puppies. This trade, business or calling has been determined to be offensive to the neighboring inhabitants and is now determined to be a violation of the restrictive covenants herein stated.

Decision was reserved on the motion made by defendants to dismiss the complaint at the close of plaintiffs' case and at the end of the trial. Such motion is denied with an exception to defendants.

The plaintiffs are entitled to judgment against the defendants as demanded in the complaint, except as herein limited, with costs. Submit proposed decision and judgment, with three days' notice of settlement.

This action was tried on October 16, 1933, but the testimony and briefs were not delivered to me until November 27, 1933. Reply briefs were exchanged by the attorneys and the matter finally submitted for decision on December 27, 1933.